## DARLAND et al. v. CORNISH et al.

No. 25325.   Feb. 6, 1934.

Petition for Rehearing on Application to Assume Original Jurisdiction Denied
Feb. 27, 1934.

PER CURIAM. Application to assume original jurisdiction denied.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and BAYLESS, JJ., dissent.

SWINDALL, J. (dissenting). The petitioners allege that they are citizens and residents of the state of Oklahoma residing in various counties of the state and are each the owners of motor vehicles subject to registration under the laws of the state of Oklahoma for the year 1934, and that this action is brought for themselves and for all other motor vehicle owners similarly situated. They allege that the respondents compose the Oklahoma Tax Commission, who have appointed motor license agents in the several counties of the state of Oklahoma and have furnished said motor license agents with application blanks, rate sheets, license plates, and all other supplies necessary to the collection of the license fee provided by law and to issue license tags to all motor vehicle owners, and that said motor license agents aforesaid are under the direct control and supervision of the respondents and have no discretion in the manner of furnishing application blanks to motor vehicle owners and issuing license tags thereon, but are subject at all times and in all things to the orders, rules, and regulations of said respondents. The petitioners further allege that they have each made application to a motor license agent in their respective counties for an application blank to be used in making applications for registration of their respective motor vehicles, and that the motor license agents have each refused them said blanks, and that the petitioners are required under the provisions of law to cause to be filed with the Oklahoma Tax Commission, or the authorized agent of said Commission, an application for registration of all motor vehicles and to pay the license fee provided by law on said motor vehicles for the current year between January 1st and March 31st of each year, and that, if they are required to commence an action in a court of competent jurisdiction in their respective counties to compel the Tax Commission, or the authorized agents of said Commission, to furnish the necessary applications that it will be impossible for them to have the matter finally determined by this court on appeal within time to protect their rights, and, further, that such procedure would result in a multiplicity of suits. They therefore request this court to take original jurisdiction of said mandamus action. They further allege that said motor license agents are demanding a fee of 50 cents for said application blanks, and that said fee is not authorized under the laws of the state of Oklahoma, and that said Tax Commission and motor license agents refuse to permit said petitioners to prepare their own applications and have the same acknowledged before an officer authorized to take acknowledgments other than the motor license agent in the event he or she is a notary public or a notary public is in the employ of such motor license agent. They further allege that said

notaries are only authorized to demand, charge, and collect a fee of 25 cents instead of 50 cents.

The respondents have filed a verified answer or response in which they admit that the motor license agents are directed to charge and collect 50 cents for preparing and notarizing said applications for motor licenses and not to deliver blanks to owners of motor vehicles so they may prepare and have acknowledged their respective applications.

Under these circumstances I am of the opinion that it is our duty to take jurisdiction of this cause in order that the issues may be settled speedily and without a multiplicity of suits.

Subsection (b) of section 1, chapter 113, Sess. Laws 1933, provides that:

"Every owner or custodian of a vehicle or motor vehicle having value, within this state, whether in operation on the public highways of this state or otherwise, shall, except as herein otherwise expressly provided, cause to be filed with the Oklahoma Tax Commission, or its authorized agent, a verified application for registration, on a blank to be furnished by said Commission for that purpose, containing:

"(1) A brief description of the vehicle to be registered, including the name of the manufacturer, the type and factory number of such vehicle and the character of the motive power.

"(2) The name of the county and state in which the applicant resides and such other information as may be prescribed by the Oklahoma Tax Commission."

Subsection (c) provides:

"All application blanks shall be prepared in triplicate, applicant being required to sign and to swear to both application and duplicates thereof. The Oklahoma Tax Commission is hereby empowered to enforce the provisions of this act and to promulgate rules relating to the computation and collection of the fees herein provided for."

Section 2 provides in part that:

"Upon the filing of such application and the payment of the fee provided in this act, the Oklahoma Tax Commission shall assign to such vehicle a distinctive number, and issue and deliver to the owner or custodian of such vehicle, a certificate of registration and one appropriate identification and number plate, in form and size as prescribed by said Commission."

Section 3 provides the license fees that shall be paid to the Oklahoma Tax Commission or its duly authorized motor license agents.

There is nothing in the act that requires all blank applications to be prepared by the Tax Commission or an authorized motor license agent, and there is no law authorizing the motor license agent to collect 50 cents from the owner of each motor vehicle for preparing and acknowledging said applications. Section 3420, O. S. 1931, authorizes notaries public to administer oaths and section 5904 provides that each notary shall charge and collect for each certificate and seal 25 cents, and that he may charge, receive, and collect the fees provided for the clerks of the district courts for like services and none other. From the plain provisions of our statutes it is the duty of the Oklahoma Tax Commission to furnish application blanks to applicants for same, and any person may fill out the applications, and any notary public may swear the applicant and charge and collect the fees provided by law and none other.

I therefore most respectfully dissent from the decision of the majority of the court in refusing to take jurisdiction of this case.